UNITED STATES DISTRICT COURT
DISTRICT OFMASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| VS. | ) |
| | ) |
| ANDREW O'KEEFE, | ) |
| Defendant. | ) |
| _____ | ) |

Crim. No. 15-cr-10200

## MOTION TO AMEND THE CONDITIONS OF RELEASE

The Defendant, Andrew O'Keefe (O'Keefe) tendered a guilty plea to this Court on December 15, 2016.  The conditions of O'Keefe's release have been strict and closely monitored by Pre-trial services for almost 18 months.  On two occasions this Court temporarily relaxed the conditions of release to allow O'Keefe to travel outside Massachusetts and on both occasions O'Keefe returned and continued to abide by the imposed restrictions.  The pretrial officer notified the Court that O'Keefe had abided by all the conditions imposed.  At the plea colloquy, AUSA Shine acknowledged that O'Keefe did everything he was asked to do.

O'Keefe respectfully asks that some of the conditions of his release be relaxed to allow him to assimilate back into his life and work.

### Background of Andrew O'Keefe's Conditions of Release

On or about May 13, 2015 Andrew O'Keefe was arrested at his home in Mansfield, Massachusetts and detained by the Commonwealth of Massachusetts. The Federal Government filed a Criminal Complaint against Andrew O'Keefe (O'Keefe) on or about June 15, 2015, while he was being held in state custody.  He was subsequently indicted on or about July 23, 2015, under 18 U.S.C. § 871(a).

The Indictment alleges that on or about May 13, 2015, the defendant

knowingly and willfully made a threat to take the life of and to inflict bodily harm upon the President of the United States.  Andrew *posted* a [tip] on an FBI website: https://tips.fbi.gov/.  The Data was transmitted on 5/13/2015 at 6:53:55 AM EDT, and read as follows:

> This is XXX-XX-1681 speaking. I'm planning to kill President Barack Obama, and I've got a really good plan. Have the Secret Service give me a visit. I could use some company.

The Indictment further alleges that Andrew *posted* the words on the FBI website, and "that he did so for the purpose of issuing a threat and with *knowledge the communication would be viewed as a threat*."  See *Indictment* (emphasis added).

The Initial Appearance on the Criminal Complaint as to Andrew was held on July 6, 2015 and the Government moved for detention.  Magistrate Cabell detained O'Keefe and ordered him returned to state authorities. *Docket Entry* No. 14-15.

On July 23, 2015 O'Keefe was indicted and he was arraigned on July 28, 2015.[1]  See *Docket Entries* Nos. 15-21.   At the Arraignment O'Keefe made a request for a psychiatric examination which was subsequently denied.[2]  See *Docket Entries* Nos. 22-28.

On September 8, 2015 O'Keefe filed an assented to *Motion for Bail*. *Docket Entry* No. 29-30.  At the motion hearing on September 9, 2015 Magistrate Cabell indicated:

---

[1]  Between the time of his arrest and the Indictment O'Keefe disposed of the state case and eligible for release from state custody.  Knowing that there should have been a federal detainer, O'Keefe informed the state authorities of the federal detainer.  O'Keefe was transferred to federal custody immediately.

[2]  The Magistrate wanted O'Keefe to pay for the examination.  But, O'Keefe could not find a private practitioner who was willing (or able) to travel to the Plymouth County House of Correction and perform and evaluation.

The court is willing to consider release with safeguards in place such as a third party custodian / mental health treatment and would like further information concerning the def'ts diagnosis and detailed information concerning proposed treatment.

*Docket Entry* No. 32.

O'Keefe's father acted as the Third-Party Custodian and on October 5, 2015

O'Keefe was released with the following conditions:

(7) The defendant must:
(a) submit to supervision by and report for supervision to the US Probation/Pretrial …
(b) continue or actively seek employment. …
(d) surrender any passport to US Probation and PreTrial Services
(e) not obtain a passport or other international travel document.
(f) abide by the following restrictions on personal association, residence, or travel: Reside with parents in North Attleboro, MA; Travel restricted to District of Massachusetts.
 firearm, destructive device, or other weapon.
(l)  not use alcohol … excessively.
(m) not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner. You may not smoke Marijuana at all
(n) submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of it sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.
(o) participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.
(p) participate in one of the following location restriction programs and comply with its requirements as directed.
(i) Curfew. You are restricted to your residence every day … as directed by the pretrial services office or supervising officer.  …
(q) submit to location monitoring as directed by the pretrial services office or supervising officer and comply with all of the program requirements and instructions provided.
You must pay all or part of the cost of the program based on your ability to pay as determined by the pretrial services office or supervising officer.
(r) report as soon as possible (24 hours) to the pretrial services office or supervising officer every contact with law enforcement personnel, including arrests, questioning, or traffic stops.
(s) Participate in a mental health program as directed and comply with all of the rules of such program.  Defendant must sign any releases to allow for mental health evaluation and for Pretrial to talk with mental health professionals.

The following conditions were additionally imposed:

a. The defendant shall agree to submit at any time, to a search of any computer and computer-related devices. Defendant shall possess and use only those computers and computer-related devices, screen user names, passwords, email accounts, and internet service providers that have been disclosed to U.S. Probation and Pretrial Services upon commencement of supervision. Any changes or additions are to be disclosed prior to the first use. Computers and computer-related devices are personal computers, personal data assistants, internet appliances, electronic games, cellular telephones, and digital storage media, as well as their peripheral equipment, which can access, or be modified to access, the internet, electronic bulletin boards, and other computers.

b. Do not access the internet unless authorized by U.S. Probation and Pretrial Services. Do not possess any computer or other device capable of connecting to the internet, including any tablet, cell phone, or gaming console. All computers and other devices capable of accessing the internet in the residence must be password protected and the defendant shall not have access to said password. Family members' laptops must be removed from the residence when they are not home.

c. Do not frequent any property where you know that there are weapons present.

Andrew O'Keefe asks that the following restrictions be lifted:

1. The restriction in Sub-paragraph (f) be removed so that he can be allowed to leave Massachusetts and to travel on business with his father.

2. The curfew restriction in Sub-paragraphs (p) & (q) be lifted and the ankle location monitor be removed.

3. That paragraphs a and b of the Additional Conditions of Release be removed and O'Keefe be allowed to use the internet and all other electronic devices and means of communication.

On December 19, 2016, O'Keefe's counsel communicated with the new probation officer (Chrissy Murphy) assigned to O'Keefe and Assistant United States Attorney Ken Shine.  Counsel attached the instant motion

4

to both party's emails.  On December 20, 2016, Ms. Murphy responded:

> I have conferenced these changes with Chris Moriarty and my
> supervisor, and we will assent to all of these changes, except for the
> travel outside of Massachusetts. We would still like to have restricted
> travel to Massachusetts.

AUSA Shine responded:

> These terms look acceptable to USAO—if Andrew needs to travel
> outside of MA he can ask in advance and I am sure there will be no
> objection—

WHEREFORE, Andrew O'Keefe asks that the Court amend the conditions of

release as requested by the Defendant, or as the Court deems appropriate.

Respectfully submitted,

ANDREW O'KEEFE,
By his attorney,

/s/ *William J. Cintolo*
_____
William J. Cintolo (BBO # 084120)
COSGROVE EISENBERG & KILEY
One International Place, Suite 1820
Boston, MA 02110
617.439.7775 (tel)
617.330.8774 (fax)
wcintolo@ceklaw.net

**Certificate of Service**

I, William J. Cintolo, hereby certify that on this date, December 20, 2016, a copy of the
foregoing document has been served via electronic filing upon all registered parties, including
the Assistant U.S. Attorney Ken Shine.

/s/ *William J. Cintolo*
_____
William J. Cintolo

5